153 N.J. Super. 490 (1977)
380 A.2d 295
STATE OF NEW JERSEY IN THE INTEREST OF D.H., JUVENILE.
Superior Court of New Jersey, Appellate Division.
Submitted October 11, 1977.
Decided November 9, 1977.
*492 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender and Public Advocate, attorney for the juvenile-appellant (Mr. Steven Zamrin, Assistant Deputy Public Defender, Child Advocacy Unit, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent State of New Jersey (Mr. Wayne J. Martorelli, Deputy Attorney General, of counsel and on the brief).
Messrs. Davis, Roth & Beck, attorneys for the respondent United States Fidelity & Guaranty Co. (Mr. Nathan Beck on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
The question raised by this appeal is the extent to which, if at all, the principle of confidentiality *493 of juvenile records, vouchsafed both by statute and court rule, should yield in favor of a prospective civil litigant who, but for intrusion upon that confidentiality, would be unable to discover the identity of juveniles by whose conduct he has allegedly been civilly wronged and who, consequently, but for that intrusion, would be effectively barred from bringing an action at law seeking civil remedy for that wrong.
The prospective civil litigant here, United States Fidelity & Guaranty Co. (Fidelity), is the fire insurance carrier for the Borough of Lyndhurst, one of whose municipal buildings was extensively damaged by a fire allegedly caused by three juveniles who were charged with acts of juvenile delinquency arising out of their alleged participation in the arson. Having paid Lyndhurst's fire loss claim, it then sought to exercise its right of subrogation by bringing a civil action against the alleged juvenile culprits. Its problem, however, was its inability to determine who the accused juveniles were, their identity having been withheld by the Lyndhurst Police Department under the juvenile record confidentiality statute, N.J.S.A. 2A:4-65, which expressly applies to the records of law enforcement agencies. Satisfied by Fidelity's showing that it could not reasonably ascertain the juveniles' identity by way of customary investigatory procedures, the Juvenile and Domestic Relations Court judge entered an order affording Fidelity qualified and limited access to the police report for the exclusive purpose of enabling it to find out who the juveniles were. It is from that order that the juveniles appeal.
The trial judge was, in our view, clearly correct in concluding that under these circumstances Fidelity should not be precluded by the confidentiality mandate from learning the juveniles' identity. We reach our conclusion, however, for reasons different from those relied on by the trial judge, who based Fidelity's entitlement to this information on a constitutionally guaranteed right of access to the courts. In our view the definition, scope, application, predicates and *494 consequences of that right are complex matters of wide-reaching import which need not and hence should not here be addressed. We are satisfied that Fidelity's right to relief is more appropriately based on statutory and decisional-law considerations which developed subsequent to publication of the opinion below.
The first of these was the amendment, less than a week prior to our review of this appeal, of N.J.S.A. 2A: 4-65 by Laws 1977, c. 255.[1] Among its other provisions that amendment adds, as N.J.S.A. 2A:4-65(b), the provision that "Information as to the identity of a juvenile, the offense charged, the adjudication and disposition may be disclosed to the victim or a member of the victim's immediate family." One of the purposes of this provision obviously was to permit victims of juvenile offenses to seek civil redress. Thus we are satisfied that the disclosure therein authorized clearly extends to those standing in the financial position of the victim and hence, as here, to the victim's subrogee. We note, moreover, that the authorization is not conditioned on the juvenile's having been adjudicated delinquent or in need of supervision.[2] That consideration is relevant here because the charges were ultimately dismissed as against two of the juveniles. In our view, considering the difference in the standard of proof applicable to juvenile matters and to civil causes, the statutory policy of disclosure *495 to victims reasonably applies where a civil cause of action may be predicated on the same conduct for which the juvenile is charged and tried. Finally, while we recognize that the wording of the amendment permits, but does not compel, disclosure, nevertheless the judicial discretion should ordinarily be exercised in favor of disclosure where, as here, the victim, or the person in his stead, requires that information in order to commence a civil action.[3]
Entirely apart from the statutory amendment, and considering the scope of the statute when the matter was decided, we are persuaded that Fidelity's right to have been provided with the juveniles' identity was also clearly mandated by application of the balancing test articulated in State v. Allen, 70 N.J. 474 (1976), decided after entry of the order here appealed from. The Supreme Court in State v. Allen has made clear that both the statutory authorization of N.J.S.A. 2A:4-65 and the rule authorization of R. 5:10-7(c), permitting the court to order specified disclosure of juvenile records, contemplate the court's obligation to weigh the nature of the legitimate interest of the person seeking disclosure and the extent of his need for disclosure in order to protect his own rights against the interest of the juvenile in confidentiality and the public policy upon which confidentiality is based. In applying this "delicate" balancing here, we would in any event have concluded that the policy of confidentiality would not have been unwarrantedly impinged upon where the effect of non-intrusion would be the fortuitous immunization of the juvenile from civil suit. That conclusion is now, of course, a matter of statutory policy.
The extent of the permitted intrusion must be no greater, however, than that which is actually required by *496 the third person to meet his legitimate needs. In this regard the trial judge accorded Fidelity more than it required for its stated need of knowing whom to sue and more than the amended statute permits as a matter of course. For that purpose nothing more was required than the names and addresses of the juveniles and their parents. Disclosure should have been limited to that information and access to the police report itself withheld. We do not, of course, pass upon the question of the discoverability of the police report by Fidelity, or indeed the discoverability of any other portion of the juvenile records, during the course of any civil litigation against the juveniles which Fidelity might bring. Any application for further access thereto which Fidelity might regard itself entitled to by reason of extraordinary circumstance would have to be made in that litigation and be determined therein in accordance with the principles expressed in State v. Allen, supra 70 N.J. at 484-485. And compare, in respect of piercing, in related civil litigation, the cloak of confidentiality of grand jury proceedings, Viruet v. Sylvester, 131 N.J. Super. 599 (App. Div. 1974), certif. den. 68 N.J. 138 (1975); Doe v. Klein, 143 N.J. Super. 134 (App. Div. 1976).
The judgment is affirmed, except as herein modified. We remand to the trial court for implementation of our directions regarding the extent of disclosure. We do not retain jurisdiction.
NOTES
[1] Laws 1977, c. 255 was, as explained by its accompanying statement, intended to "implement the recommendations of the Supreme Court's Task Force on Juvenile Justice to permit dissemination of certain juvenile court records." Counsel were afforded the opportunity to file supplemental briefs as to the effect of this legislation on the issue here.
[2] Compare N.J.S.A. 2A:4-65(c), added by the October 1977 amendment, which permits disclosure to the public of the information specified by N.J.S.A. 2A:4-65(b) where the juvenile has been adjudicated delinquent on the basis of his commission of stated offenses and classes of offense and where he is 14 years or older. We do not, however, regard N.J.S.A. 2A:4-65(c) as directly implicated here.
[3] Although not necessary to our decision here, we are satisfied, with respect to applicability of the amendment, that there is nothing therein or in its policy which would be reasonably construable as limiting its application to victims' requests in respect of juvenile offenses committed after its effective date.